UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:23-cr-00119-JRS-MG |
| | ) | 1:25-cr-00211-JRS-MG |
| ALEKSEI OLEGOVICH VOLKOV, | ) | |
| A/K/A ALEKSEY OLEGOVICH | ) | |
| VOLKOV, | ) | |
| A/K/A ALEKSEQ OLEGOVI3 | ) | |
| VOLKOV, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Thomas E. Wheeler II, United States Attorney

for the Southern District of Indiana, MaryAnn T. Mindrum and Matthew B. Miller, Assistant

United States Attorneys, and Edward Chang, Assistant United States Attorney, and Matthew A.

Lamberti, Senior Counsel, both with the Computer Crime and Intellectual Property Section of

the United States Department of Justice ("the Government"), and the defendant, ALEKSEI

OLEGOVICH VOLKOV a/k/a ALEKSEY OLEGOVICH VOLKOV a/k/a ALEKSEQ

OLEGOVI3 VOLKOV ("the defendant"), in person and by counsel, Arkady Bukh, hereby

inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Guilty Plea and Charges

**1.** **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offenses charged in the Indictments in the following

matters:

**Cause No. 1:23-cr-00119-JRS-MG (S.D. Ind.)**

    **a.**    **Count 1** which charges that the defendant committed the offense of

Unlawful Transfer of a Means of Identification, in violation of Title 18, United States

Code, Section 1028(a)(7) and (b)(1)(D).

    **b.**    **Count 2** which charges that the defendant committed the offense of

Trafficking in Access Information, in violation of Title 18, United States Code, Section

1030(a)(6)(A) and (c)(2)(A).

    **c.**    **Count 3** which charges that the defendant committed the offense of

Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(2) and

(c)(1)(A)(i).

    **d.**    **Count 4** which charges that the defendant committed the offense of

Aggravated Identity Theft, in violation of Title 18, United States Code, Section

1028A(a)(1) and (b).

**Cause No. 2:22-cr-00366-JHS (E.D. Pa.)[1]**

    **a.**    **Count 1** which charges that the defendant committed the offense of

Conspiracy to Commit Computer Fraud, in violation of Title 18, United States Code,

Sections 371, 1030(a)(2)(C), 1030(a)(5)(A), 1030(a)(7)(C), 1030(c)(2)(B)(i),

1030(c)(4)(B), and 1030(c)(3)(A).

    **b.**    **Count 2** which charges that the defendant committed the offense of

Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code,

Section 1956(h).

---

[1] Eastern District of Pennsylvania Cause No. 2:22-cr-00366-JHS will be transferred here pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The parties have not yet received a Southern District of Indiana cause number for that case transfer at the time of the signing of this plea agreement.

2.    **Potential Maximum Penalties**:

**Cause No. 1:23-cr-00119-JRS-MG (S.D. Ind.)**

a.    **Count 1** is punishable by a maximum sentence of fifteen (15) years of imprisonment, a fine in an amount equal to the greatest of $250,000, twice the gross gain, or twice the gross loss, and three (3) years of supervised release following any term of imprisonment.

b.    **Count 2** is punishable by a maximum sentence of one (1) year of imprisonment, a fine in an amount equal to the greatest of $100,000, twice the gross gain, or twice the gross loss, and one (1) year of supervised release following any term of imprisonment.

c.    **Count 3** is punishable by a maximum sentence of ten (10) years of imprisonment, a fine in an amount equal to the greatest of $250,000, twice the gross gain, or twice the gross loss, and three (3) years of supervised release following any term of imprisonment.

d.    **Count 4** is punishable by a mandatory two (2) year sentence of imprisonment to run consecutive to any other term of imprisonment imposed in this matter, a fine in an amount equal to the greatest of $250,000, twice the gross gain, or twice the gross loss, and one (1) year of supervised release following any term of imprisonment.

**Cause No. 2:22-cr-00366-JHS (E.D. Pa.)**

a.    **Count 1** is punishable by a maximum sentence of five (5) years of imprisonment, a fine in an amount equal to the greatest of $250,000, twice the gross gain,

3

or twice the gross loss, and three (3) years of supervised release following any term of imprisonment.

      **b.**    **Count 2** is punishable by a maximum sentence of twenty (20) years of imprisonment, a fine in an amount equal to the greatest of $500,000 or twice the amount of the criminally derived property involved in the transactions, and three (3) years of supervised release following any term of imprisonment.

**3.**    **Elements of the Offense(s):** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

### Cause No. 1:23-cr-00119-JRS-MG (S.D. Ind.)

    **a.**    **Count 1**:

        **1.**    The defendant knowingly transferred a means of identification of another person;

        **2.**    The defendant knew that the means of identification belonged to another person;

        **3.**    The defendant acted without lawful authority; and

        **4.**    The transfer of the means of identification occurred in or affected interstate or foreign commerce.

        **5.**    The offense involved the transfer, possession, or use of 1 or more means of identification and, as a result of the offense, the defendant obtained anything of value aggregating $1,000 or more during any 1 year period.

    **b.**    **Count 2**:

        **1.**    The defendant knowingly and without authorization trafficked in a password, or similar information through which a computer may be accessed;

        **2.**    The defendant acted with intent to defraud; and

        **3.**    The defendant's acts affected interstate or foreign commerce.

4

c. **Count 3**:

    **1.** The defendant knowingly trafficked in one or more unauthorized access devices, as charged in the Indictment;

    **2.** By such conduct the defendant obtained money, goods, services, or any other thing of value with a total value of at least $1,000 during any one year period;

    **3.** The defendant did so with the intent to defraud; and

    **4.** The defendant's conduct affected interstate or foreign commerce.

d. **Count 4**:

    **1.** The defendant committed the felony offense of Access Device Fraud, as charged in Count 3 of the Indictment;

    **2.** The defendant knowingly possessed or used a means of identification;

    **3.** The defendant knew the means of identification belonged to another person;

    **4.** The defendant knew that such possession or use was without lawful authority; and

    **5.** The defendant did so during and in relation to his commission of the offense of Access Device Fraud.

### Cause No. 2:22-cr-00366-JHS (E.D. Pa.)

a. **Count 1**:

    **1.** The conspiracy as charged in Count 1 existed;

    **2.** The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

    **3.** One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

b. **Count 2**:

    **1.** The conspiracy as charged in Count 2 existed; and

    **2.** The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

**General Provisions**

3.     **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

4.     **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

5.     **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently

6

known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney's Office for the Southern District of Indiana or the Computer Crime and Intellectual Property Section of the U.S. Department of Justice.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

**6.     No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney's Offices for the Southern District of Indiana and Eastern District of Pennsylvania, or the Computer Crime and Intellectual Property Section of the U.S. Department of Justice at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

**7.     Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the

7

attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Sentence of Imprisonment

8. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

    a.    **Government's Recommendation:** The Government has agreed to recommend a sentence within the advisory sentencing guidelines as set forth in the Plea Agreement, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

    b.    **Defendant's Recommendation:** The defendant understands that the defendant is free to recommend any sentence, including one below the advisory sentencing guidelines determined by the Court.

9. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

8

**10.** **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

## Monetary Provisions

**11.** **Mandatory Special Assessment:** The defendant will pay a total of $525 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**12.** **Fine:** The parties agree not to request the imposition of a fine. However, the parties understand and agree that the Court will determine whether to impose a fine.

**13.** **Restitution:**

a. The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court. Additionally, pursuant to 18 U.S.C. § 3663(a)(3), the parties further stipulate and agree that the defendant's criminal conduct caused monetary losses to the victims, and therefore the defendant agrees to pay restitution as follows:

| Victim | Restitution Amount |
| --- | --- |
| VICTIM 1 | $139,917.00 |
| VICTIM 2 | $1,510,594.00 |
| VICTIM 4 | $7,221,350.03 |
| VICTIM 5 | $129,357.86 |
| VICTIM 6 | $26,062.50 |
| VICTIM 7 | $139,916.80 |
| **Total** | **$9,167,198.19** |

The defendant further agrees to make restitution to VICTIM 3. The United States has notified VICTIM 3, and has not received any restitution requests to date. The defendant

9

agrees to pay restitution for all losses to all victims caused by defendant's conduct, regardless of whether counts of the indictments dealing with such losses will be dismissed as part of this plea agreement.

      b.    **Additional Restitution:** Nothing in this agreement prevents any identified or unidentified victims in the Indictments who are entitled to restitution under the law from seeking additional restitution if they choose to do so.

      c.    The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**14.**    **Financial Obligations:** The defendant understands and agrees to the following financial obligations:

      a.    **Obligation to Pay:** Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's financial obligation. The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine. The defendant consents to the

10

Government's use of such legal remedies to collect the defendant's financial obligation and hereby waives any objection to such collection efforts.

b. **Financial Disclosure:** The defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c. **Notice of Material Changes:** Prior to sentencing, the defendant shall provide notice to the United States Attorney's Office and United States Probation Office of any material change in the defendant's economic circumstances, within seven days of the event giving rise to the changed circumstances. Such changes shall include, but are not limited to, the transfer of any property, or the defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the defendant.

d. **Failure to Disclose:** The defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

e. **Material Misrepresentations and Omissions:** If the defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the defendant owns, possesses,

11

controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this plea agreement. Misrepresentations and/or omissions are material if they affect the defendant's net worth by $10,000 or more.

## Forfeiture

**15.    Property to be Forfeited.** The defendant stipulates and agrees to the forfeiture to the Government of, and to the immediate entry of a Preliminary Order of Forfeiture against the defendant pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), the following property:

    a.   Black ASUS X500L-XO037H laptop, Serial No. D9N0CV358934393

    b.   Apple iPhone 13 Pro, IMEI 353639680939640

    c.   Black and blue Transcend USB flash drive

(collectively the "Subject Property").

**16.    Legal Basis for Forfeiture.** The parties stipulate and agree that the Subject Property is subject to forfeiture because it is:

    a.      Personal property used or intended to be used to commit the offenses, and therefore subject to forfeiture pursuant to 18 U.S.C. § 1028(b)(5) and/or 18 U.S.C. § 1029(c)(1)(C);

    b.      Personal property that was used or intended to be used to commit or to facilitate the commission of such violations, and therefore subject to forfeiture pursuant to 18 U.S.C. § 1030(i); and/or

    c.      Property, real or personal, involved in such offenses, and any property traceable to such property, and therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

12

**17.    Money Judgment and Substitute Assets.** The defendant further stipulates and agrees to forfeit as a money judgment a sum of money equal to, or no less than, $1,552,023.00, which represents the proceeds derived from the offenses. The defendant acknowledges and agrees that other property that the defendant owns or has an interest in, which is not identified above as the Subject Property and is not contraband, may be subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), including to satisfy the amount of any money judgment ordered in this case.

**18.    Waiver of Procedural Rights.** The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictments, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. The defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. The defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the Subject Property.

**19.    Legal Effect of Forfeiture.** The defendant understands that any forfeiture order entered by the Court is mandatory and is a part of defendant's sentence. The defendant agrees that forfeiture of the Subject Property is separate from restitution, and that the forfeiture of the Subject Property cannot be ordered by the Court to satisfy any restitution, fine, cost of imprisonment, or any other penalty the Court may impose.

**20.    Abandonment of Other Seized Property.** The defendant understands that other property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause, which is not identified as Subject Property and is not contraband. If such property is not forfeited and/or has not been returned to the defendant by the

13

date of sentencing, then the defendant agrees to abandon all right, title, and interest the defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation whatsoever owing to the defendant. The defendant consents to the vesting of title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property. The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

## Factual Basis for Guilty Plea

21.    The parties stipulate and agree that the following facts establish a factual basis for the defendant's pleas of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of some of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

14

**Applicable to Both Cause Nos. 1:23-cr-00119-JRS-MG (S.D. Ind.) and 2:22-cr-00366-JHS (E.D. Pa.)**

a. The defendant was an Initial Access Broker (IAB), an individual who unlawfully obtains access to computer networks, in the form of login credentials, and then sells the access for the purpose of financial gain.

b. The defendant obtained and sold access to the computer networks of businesses located in the United States for Bitcoin. The defendant worked with, and sold login credentials to, groups engaged in ransomware, in exchange for either an initial flat fee or a percentage of the ransom paid by the victim. The ransomware groups used the login credentials provided by the defendant to gain access to protected computers in the United States without authorization, deploy ransomware, and extort payment from victims.

c. The defendant communicated with others over an encrypted online instant messaging platform (CHAT APP) (redacted), including during the timeframe of the conduct discussed below. The defendant admits that he used the moniker USER 1 (redacted) on CHAT APP during the timeframe of that conduct.

**Applicable to Cause No. 1:23-cr-00119-JRS-MG (S.D. Ind.)**

d. On or about July 26, 2023, the defendant, using the moniker USER 1 on CHAT APP, told PERSON 2 that he would sell login credentials for a United States business' computer network to PERSON 2 for $1,000.

e. On or about July 27, 2023, the defendant sent a screenshot to PERSON 2 of his computer screen while purporting to be logged into BUSINESS 1's network.

f. The same day, PERSON 2 agreed to purchase the credentials from the defendant for $1,000. The defendant provided PERSON 2 with a digital wallet address

15

where PERSON 2 could send payment via Bitcoin. PERSON 2 then caused a quantity of Bitcoin then valued at $1,000 to be transferred to the digital wallet address provided by the defendant. The Bitcoin transfer was initiated from Indianapolis, Indiana.

    **g.**    Following the Bitcoin transfer, the defendant told PERSON 2 that people generally buy login credentials from him "for lockers" (i.e., for the purpose of deploying ransomware) and "to download data."

    **h.**    After receiving the Bitcoin, the defendant electronically transferred the BUSINESS 1 network login credentials for PERSON 1 at BUSINESS 1 to PERSON 2. This included (a) a hyperlink relating to BUSINESS 1; (b) an email address to log into BUSINESS 1's network; and (c) a password to log into BUSINESS 1's network. The email address consisted of the first and last name of PERSON 1, who was an actual employee of BUSINESS 1. The hyperlink the defendant provided led to a Citrix Gateway login page, which had fields for a username and password.

    **i.**    The defendant made the transfer of the BUSINESS 1 network login credentials while located outside the United States, and he acted without lawful authority and with intent to defraud.

    **j.**    PERSON 2 received the defendant's transfer of the login credentials while located in Indianapolis, Indiana.

    **k.**    BUSINESS 1 confirmed that the credentials were assigned to a current employee (PERSON 1), that they included PERSON 1's first and last name, that the credentials were valid login credentials for PERSON 1, and that no one other than the employee that was assigned the credentials (that is, PERSON 1) was permitted to use them.

l. BUSINESS 1 provided investigators with access logs for their computer network. The logs reflect that someone logged into BUSINESS 1's network on July 26, 2023 at 22:17:25 UTC and on July 27, 2023 at 21:27:39 UTC. The date and time of the second login is consistent with the screenshot that the defendant sent to PERSON 2 on July 27, 2023, where the defendant purported to be logged into BUSINESS 1's network.

m. The defendant knowingly sold and transferred the credentials to PERSON 2. The defendant knew that the credentials belonged to the account of an employee of BUSINESS 1. The defendant believed that PERSON 2 would use those credentials to unlawfully access the computer systems of BUSINESS 1.

n. The defendant, during the timeframe of the conduct alleged above, was located outside the United States. Accordingly, the sale and transfer of BUSINESS 1's credentials occurred in or affected interstate or foreign commerce.

**Applicable to Cause No. 2:22-cr-00366-JHS (E.D. Pa.)**

o. From in or around July 2021, through in or around November 2022, the defendant resided in and was a citizen of Russia. During this time, the defendant agreed to commit computer fraud, and to launder the proceeds of the fraud, with other individuals. The defendant and his co-conspirators used malicious software known as Yanluowang ransomware to encrypt victims' files and demanded a ransom be paid in cryptocurrency by the victims to regain control of the data. The conspirators divided the ransom payments paid by the victims amongst themselves, using numerous cryptocurrency transactions to conceal their identifies and obfuscate the source of the funds. The victims included, but were not limited to, VICTIMS 1 through 7 listed in the Indictment in Cause No. 2:22-cr-00366-JHS (E.D. Pa.). The ransom amount demanded

17

totaled at least $24 million. VICTIMS 2 and 3 paid a total of $1,551,023.00 in ransom payments.

    **p.**      The defendant served as the IAB for the Yanluowang ransomware group, identifying targets with vulnerabilities in computer software and hardware to exploit. He shared this information with members of the conspiracy in exchange for a portion of any ransom proceeds they received from the execution of the ransomware scheme. For instance:

    **q.**      On or about December 31, 2021, the defendant received approximately 2.263308 Bitcoin (then valued at approximately $94,259) of VICTIM 2's ransom payment; and

    **r.**      On or about December 31, 2021, the defendant received approximately 3.44 Bitcoin (then valued at $162,220) of VICTIM 4's ransom payment.

    **s.**      During the investigation, the FBI identified two servers that contained computer evidence of Yanluowang ransomware attacks, including an attack in September 2021 on VICTIM 2, a business with an office in Philadelphia, Pennsylvania. VICTIM 2 paid a ransom in Bitcoin equivalent to $500,000. One of the servers contained a CHAT APP communication between the defendant, using the moniker USER 1 and another individual using moniker USER 2 (redacted), that began in November 2021 and continued through December 2022. In the chat, the defendant offered to give USER 2 access to victim networks that could be attacked using ransomware. They discussed targets, ongoing attacks, and the division of ransomware proceeds.

    **t.**      Blockchain analysis of the $500,000 ransom payment from VICTIM 2 shows that on December 31, 2021, a Bitcoin address ending in 2hsmd received 2.263308

18

Bitcoin (then valued at approximately \$94,259). This address was provided by the defendant to USER 2 in their chat on that same date. Furthermore, blockchain analysis of the \$1 million ransom payment from another Yanluowang victim shows that a different Bitcoin address ending in munev8 received approximately 3.44 Bitcoin (then valued at \$162,220). This address was also provided by the defendant to USER 2 in their chat on that same date.

u. The defendant admits being the IAB for the Yanluowang ransomware attacks against VICTIMS 3 through 6, as well as other potential victims during the conspiracy, and knew that he was providing access to victim networks to his conspirators for the purpose of attacking them with ransomware. The defendant admits that he was paid a portion of the ransomware proceeds. The defendant admits that the conspirators divided the ransom payments amongst themselves, using numerous cryptocurrency transactions to conceal their identifies and obfuscate the source of the funds.

## Other Conditions

**22. Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**23. Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**24.     Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

**Sentencing Guideline Stipulations**

**25.     Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2024 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    **a.**     Counts 1 through 3 of the Southern District of Indiana and Count 1 of the Eastern District of Pennsylvania cases (except as to 18 U.S.C. § 1030(a)(7)(C)) are grouped, pursuant to U.S.S.G. § 3D1.2(d).

    **b.     Chapter 2 Offense Conduct**

        **i.     Count 1: Unlawful Transfer of a Means of Identification (S.D. Ind.); Count 2: Trafficking in Access Information (S.D. Ind.); Count 3: Access Device Fraud (S.D. Ind.); Count 1: Conspiracy to Commit Computer Fraud (E.D. Pa.)**

            **a)     Base Offense:** The base offense level is **6**, pursuant to U.S.S.G. § 2B1.1(a)(2).

20

        **b)**     **Loss:** The actual loss is more than $3,500,000 but less than $9,500,000.[2] This results in an **18**-level increase. U.S.S.G. § 2B1.1(b)(1)(J).

        **c)**     **Outside the United States:** A substantial part of the fraudulent scheme was committed from outside the United States. This results in a **2**-level increase. U.S.S.G. § 2B2.1(b)(10)(B).

        **d)**     **Personal Information:** The defendant was convicted of an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information. This results in a **2**-level increase. U.S.S.G. § 2B1.1(b)(18)(A).

        **e)**     **Reckless Damage to Computer:** The defendant was convicted of an offense under 18 U.S.C. § 1030(a)(5)(A). This results in a **4**-level increase. U.S.S.G. § 2B1.1(b)(19)(A)(ii).

        **f)**     **Chapter 2 Subtotal: 32**

    **ii.**     **Count 1: Conspiracy to Commit Computer Fraud (as to 18 U.S.C. § 1030(a)(7)(C)) (E.D. Pa.)**

        **a)**     **Base Offense:** The base offense level is **18**. U.S.S.G. § 2B3.2(a).

        **b)**     **Amount Demanded:** The amount demanded was more than $9,500,000. This results in a **7**-level increase. U.S.S.G. §§ 2B3.2(b)(2) and 2B3.1(b)(7).

---

[2] This loss number is based on "actual loss" in the Eastern District of Pennsylvania case (2:22-cr-00366-JHS (E.D. Pa.)) that was transferred to the Southern District of Indiana. The government calculates loss based on "actual loss" rather than the "intended loss" in accordance with the law of the Third Circuit that would have been available to the Defendant if the case remained in the Third Circuit.

   **c)**  **Chapter 2 Subtotal: 25**

**iii.**  **Count 2: Conspiracy to Commit Money Laundering (E.D. Pa.)**

  **a)**  **Base Offense:** The base offense level is 30. U.S.S.G. §
2S1.1(a)(1).

  **b)**  **Type of Laundering:** The defendant was convicted under
18 U.S.C. § 1956. This results in a **2**-level increase. U.S.S.G. §
2S1.1(b)(2)(B).

   **c)**  **Chapter 2 Subtotal: 32**

**iv.**  **Count 4: Aggravated Identity Theft (S.D. Ind.)**

  **a)**  The defendant was convicted of violating 18 U.S.C. §
1028A. The guideline sentence is the term of imprisonment required by
statute. Therefore, the guideline sentence is **24 months**.

  **b)**  Pursuant to 18 U.S.C. §1028A, this term of imprisonment
is **to run consecutively** to any other term of imprisonment.

 **c.**  **Grouping:** Pursuant to U.S.S.G. §§ 3D1.2 and 3D1.3, all counts are
grouped for guideline calculation purposes. The offense level for the group is the highest
offense level of the counts in the group. Therefore, the **offense level is 32**.

 **d.**  **Acceptance of Responsibility:** To date, the defendant has demonstrated a
recognition and affirmative acceptance of personal responsibility for the defendant's
criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement
and enter a plea of guilty to the criminal conduct noted in this agreement, the
Government agrees that the defendant should receive a two (2) level reduction *provided*
the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including

22

the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

  **e.**  **Zero-Point Offender:** The parties agree and stipulate that if the Court concludes the defendant qualifies for the reduction contemplated in U.S.S.G. § 4C1.1, then the defendant's total offense level should be reduced by **2** levels. The parties reserve the right to present evidence and arguments at or before the time of sentencing regarding this issue.

**Waiver of Right to Appeal**

  **26.**  **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea

and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

27.    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a.    **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.    **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offenses and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.    **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and

compelling reasons" set forth in U.S.S.G. § 1B1.13. The government reserves the right to oppose any motion for compassionate release on any grounds.

**28.     No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

### Presentence Investigation Report

**29.**     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**30.**     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Immigration Consequences

**31.**     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

25

## Statement of the Defendant

**32.** By signing this document, the defendant acknowledges the following:

    a.    I have received a copy of the Indictments and have read and discussed them with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictments in open Court, and all further proceedings including my arraignment.

    b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictments, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    c.    I have read the entire Plea Agreement and discussed it with my attorney.

    d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

    e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it

imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

i.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation

office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

/ / /

/ / /

/ / /

## Certificate of Counsel

**33.** By signing this document, the defendant's attorney and counselor certifies as follows:

    a.     I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictments in this case;

    b.     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    c.     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    d.     In my opinion, the defendant's waiver of all reading of the Indictments in open Court, and in all further proceedings, including arraignment as provided in Federal Rule of Criminal Procedure 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    e.     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

**Final Provision**

**34.** **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice and is binding only on the parties to the Plea Agreement, supersedes all prior

/ / /

/ / /

/ / /

30

understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

10/29/25
DATE

MaryAnn T. Mindrum
Matthew B. Miller
Assistant United States Attorneys

10-29-25
DATE

Kyle M. Sawa
Chief, General Crimes Unit

Oct. 29, 2025
DATE

Edward Chang
Assistant United States Attorney
Matthew A. Lamberti
Senior Counsel
Computer Crime and Intellectual Property Section
United States Department of Justice

10/29/2025
DATE

ALEKSEI OLEGOVICH VOLKOV
Defendant

10/29/2025
DATE

Arkady Bukh
Counsel for Defendant

31